# EXHIBIT A

21-004636-NI FILED IN MY OFFICE Cathy M. Garrett WAYNE COUNTY CLERK 4/12/2021 11:13 AM Angila Mayfield

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SWETA A. RAVAL,

    Plaintiff,

v.

USA TRUCK, INC., a Foreign for Profit Corporation,
and JOHN PAUL TRICE,

    Defendants.
_____/

Case No.     NI
Hon.

LAW OFFICES OF R. THOMAS BIDARI, P.C.
By: R. Thomas Bidari (P41618)
Attorney for Plaintiff
204 Oak Street
Wyandotte, Michigan 48192
(734) 283-5100/Fax (734) 283-9020
lawoffices@wyan.org

VINING LAW GROUP, PLC
By: Guy C. Vining (P27892)
Co- Counsel for Plaintiff
20500 Eureka Road, Suite #300
Taylor, MI 48180
(734) 281-2050 /Fax (734) 846-2635
guy@vininglaw.net
_____/

    There is no other civil action between these parties, however there was a prior civil action arising out of the same transaction or occurrence as alleged in this Complaint between another party, which was an action previously filed and dismissed being **Case No. 19-005950-NF** having been assigned to **Judge Dana M. Hathaway**, as well as one pending being **Case No. 21-002877-NF.**

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, SWETA A. RAVAL, by and through her Attorneys, LAW OFFICES OF R. THOMAS BIDARI, P.C., and states as follows:

## COMMON ALLEGATIONS

1. Plaintiff, SWETA A. RAVAL resides in the City of Wyandotte, County of Wayne, State of Michigan.

2. Defendant, USA TRUCK, INC., (hereinafter Defendant "Owner"), is a Foreign for profit corporation principally located at 3200 Industrial Park Rd., Van Buren, Arizona 72956, and conducts a regular part of its business in the County of Wayne, State of Michigan..

3. Defendant Owner's resident agent is The Corporation Company, 40600 ANN ARBOR RD E STE 201, Plymouth, Wayne County, Michigan 48170.

4. Defendant JOHN PAUL TRICE (hereinafter Defendant "Driver") resides at 381 County Road 2241, Hartman, Arizona 82840.

5. The amount in controversy in this matter exceeds $25,000, exclusive of interest and costs.

6. That the cause of action occurred in the City of Wyandotte, County of Wayne, State of Michigan.

## COUNT I: AUTOMOBILE NEGLIGENCE

7. Plaintiffs hereby adopt and incorporate by reference Paragraphs 1 through 6 as if fully set forth herein and further allege as follows:

8. That on or about May 7, 2018, Plaintiff was driving on eastbound on Pennsylvania Road approaching the intersection at Jefferson Avenue in the City of Wyandotte. The traffic light for Plaintiff was green and she proceeded to turn left at Jefferson Avenue intending to drive northbound when she was struck on the driver's side door by Defendant Driver, who was driving a commercial tractor trailer truck on southbound Jefferson Avenue and did knowingly drive through a red-light causing a t-bone collision with Plaintiff's vehicle, hitting Plaintiff with such force that she was knocked unconscious. Defendant driver admitted to driving through the red-light at the scene and same was witnessed by others in his Defendant's lane of travel.

9. That the injury was caused by Defendant Driver's negligence, carelessness and/or recklessness, without justification or excuse, when he failed to keep an assured clear distance from Plaintiff and/or drove at such speeds as to render him unable to keep his vehicle under control, in violation of city ordinances, state statutes and common law.

10. That Defendant Driver owed Plaintiff the following duties of care:

   A. Duty to operate the motor vehicle in a manner and at a rate of speed that would permit it to be stopped within a safe distance, as contemplated by MCL 257.627(1);

   B. Duty not to drive the vehicle in a careless and heedless manner, with willful and wanton disregard for the public safety and rights of others, as contemplated by MCL 257.626(a), and in a manner as contemplated by MCL 257.626(b);

   C. Duty to keep the vehicle under control and to obey traffic-lights and control devices;

D. Duty to drive the vehicle with due diligence and circumspection, so as not to endanger, or be likely to endanger, other persons or property in violation of ordinance or statute;

E. Duty to stop the vehicle in a safe manner when Defendant knew, or should have known, that the failure to so would naturally and probably result in injury to Plaintiff.

11. That Defendant breached the aforementioned duties by carelessly, negligently and unlawfully operating his vehicle in a manner which caused the injury without any justification or excuse, and as such, Defendant was negligent per se.

12. That as a direct and proximate result of the negligence of Defendant and the breach of one or more of the above described duties by Defendant, Plaintiff suffered, and may in the future suffer, serious threshold injuries to which Plaintiff has serious impairment of bodily functions or permanently suffer mental anguish, pain and suffering, injuries and limitations, including serious disfigurement and aggravation of pre-existing conditions, if any, including, but not limited to, the following injuries:

A. Serious injuries to Plaintiff's head (resulting in closed head injury, severe headaches and depression, vision, syncope), neck, shoulder and back, with radiating pain, injury to hand and arm, chronic bilateral knee pain, hearing loss from airbag activation and/or traumatic brain injury, fracture of left wrist, and other parts of her body as well as other related and appreciable difficulties, injuries and/or consequences that have occurred and/or developed and/or aggravated any pre-existing condition;

B. Pain, suffering and mental anguish;

C. Wage loss or actual future loss of earnings to the extent that such losses are recoverable in the excess of the no-fault statutory monthly and yearly maximums that are found applicable to the cause;

D. Loss of service;

E. Mental care;

F. Attendant care and household assistance, and other damages, injuries and consequences that are found to be related to the automobile accident that develop during the course of discovery, to the extent that damages are recoverable in the excess under the Michigan No-Fault Insurance Act.

WHEREFORE, Plaintiff seeks damages against Defendants in whatever amount Plaintiff is found to be entitled to in an amount in excess of $25,000.00, plus interest, costs and attorney fees.

## COUNT II: OWNER LIABILITY

13. Plaintiff hereby adopts and incorporates by reference Paragraphs 1 through 12 as if fully set forth herein and further allege as follows:

14. That by virtue of the Owner Liability Statute under the Michigan Compiles Laws, MCL 257.401, and the Michigan No-Fault Act, Defendant USA TRUCK, INC., is the owner of the motor vehicle involved in this accident, specifically a 2014 International Truck, VIN 3HSDJAPRXEN014003, and as such, is liable for the negligent acts of Defendant Driver, JOHN PAUL TRICE, in addition to *vicarious liability*, as Defendant Driver, had the actual and/or implied consent of Defendant Owner to operate said commercial tractor-trailer vehicle.

WHEREFORE, Plaintiff seeks damages against Defendants in whatever amount Plaintiff is found to be entitled to in an amount in excess of $25,000.00, plus interest, costs and attorney fees.

                                                    LAW OFFICES OF R. THOMAS BIDARI, P.C.

                                                    By: /s/ R. Thomas Bidari
                                                          R. Thomas Bidari (P41618)
                                                          Attorney for Plaintiff
                                                          204 Oak Street
                                                          Wyandotte, Michigan 48192
                                                          (734) 283-5100 / (734) 283-9020 FAX
                                                          lawoffices@wyan.org

Dated: April 12, 2021